'Manly, J.
We are at a loss to conceive of any principle of jurisdiction in courts of- eijuiiy, upon which the bill oi complaint can rest.
No fraud, imposition, error, or mistake, is alleged in respect to the deed, or in respect to its execution. No provision has been pointed out-which in its practical working, has been found hurtful to the fund, prejudicial to the interests of the parties, or of marked inconvenience in execution» Those who entered into it therefore must abide its operation.
To reform a marriage settlement at the instance ot the wife upon whose stipulation audfor whose benefit it was intended, would expose such instruments to frequent change and much uncertainty ; and load to mischief -which -we are anxious to avoid. Married women can only be allowed to deal with a separate estate in conformity with dio faculties conferred on them by the deed, And if not restricted in terms by the instrument, can charge specifically income or profits, with the concurrence of the trustee. Beyond this, it seems 'o us, it would be mischievous to enlarge her faculties.
A power during the coverture to modify at will tiie provisions of the deed would remove at once the pi. Section secured by there rules, and render cf little or no avail such heeds of settlement-. Parties cannot be released from the incidental chafing of such restraints as they may choose for pru-' dential reasons, deliberately to impose on themselves in respect to'the centred of properly, any more than they-can be relieved from the occasional unpleasant force and effect of the matrimonial tics thcms-olve .
Both may be relieved by gentle and prudent conduct appropriately "tempered. not by the courts.
The bill must be dismissed.